# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6631 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Toni Vance vs. Dispatch Management Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff Toni Vance's motion to turn over funds [30-1] be denied is hereby entered of record. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 40 |
| ✓ | Copy to judge/magistrate judge. | | 4/25/2002 | |
| | | courtroom deputy's initials | date mailed notice | |
| | IS | | Date/time received in central Clerk's Office | IS mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TONI VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 6631 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| DISPATCH MANAGEMENT SERVICE | ) | Magistrate Judge |
| d/b/a/ DEADLINE EXPRESS, | ) | Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Toni Vance moves this Court to order Bank of America to turn over funds belonging to Dispatch Management Service to satisfy a judgment entered against Dispatch Management Service on February 9, 2001. Bank of America, who was served with a Citation to Discover Assets on May 4, 2001, argues that Vance's motion should be denied because the supplemental proceeding to discover assets terminated on December 26, 2001. For the following reasons, this Court recommends that Vance's motion be denied.[1]

DOCKETED
APR 2 6 2002

## I.

This supplemental proceeding arose out of an action commenced by Vance against Dispatch Management Service on September 3, 1999. Dispatch Management Service removed the case to federal court pursuant to 28 U.S.C. § 1441, and on September 20, 2000, the parties dismissed the case pursuant to settlement.

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

Three months later, Vance filed a petition to enforce the settlement agreement due to Dispatch Management Service's failure to make payments in accordance with the settlement agreement. On February 9, 2001, the Honorable Elaine Bucklo entered judgment against Dispatch Management Service for fraud in the amount of $101,316.67.

In aid of enforcing the judgment, Vance served a Citation to Discover Assets on Bank of America on May 4, 2001. Vance required Bank of America "to appear and file [its] answer to [the citation] on the form appearing on the reverse side hereof on June 4, 2001, prior to 5:00 P.M. at The Law Offices of Brunswick, Keefe & Jacobson, LLC." (Pl.'s Mot. Turn Over Funds Ex. D at 1.) Among other things, the citation indicated that judgment was entered against Dispatch Management Service on February 9, 2001, in the amount of $101,316.67. It also stated that Bank of America's "answer will inform the Court as to the property [Bank of America] may hold belonging to Dispatch Management Service." (*Id.*) On the reverse side of the citation, Vance asked Bank of America to answer, under penalty of perjury, a series of questions relating to Dispatch Management Service's accounts. (*Id.* Ex. D at 2.) The citation warned that "failure to appear in court as herein directed may cause [Bank of America] to be arrested and brought before the court to answer to a charge of contempt."[2] (*Id.* Ex. D at 1.)

On June 25, 2001, after receiving an extension of time from Vance, Bank of America served its Answer to the Citation to Discover Assets on Vance. Specifically, Bank of America mailed and faxed its answer to The Law Offices of Brunswick, Keefe & Jacobson, LLC, as instructed by Vance. Bank of America provided answers to all of the questions posed by Vance

---

[2] The form used by Vance is available at www.cookcountyclerkofcourt.org/Forms/general/general.htm.

based on available business records. (Bank of Am.'s Verified Resp. Ex. A at 1-2.) Furthermore, Bank of America informed Vance that Bank of America held a priority interest over Vance in any funds located in Dispatch Management Service's accounts. About three months later, Bank of America supplemented its June answer. (*Id.* Ex. B at 1-2.)

The information obtained by Vance from Bank of America in combination with information obtained from other sources such as the SEC and the Cook County Recorder's Office allegedly led Vance to believe that Bank of America was holding funds in excess of its priority interest. (Pl.'s Mot. Turn Over Funds at 3.) Accordingly, on December 27, 2001, Vance filed the instant motion, asking this Court to instruct Bank of America to turn over $101,316.67 plus interest. Bank of America filed a response to Vance's motion on January 11, 2002. Over the next month, both parties submitted additional briefs.

## II.

Federal Rule of Civil Procedure 69(a) provides that supplementary proceedings in aid of the enforcement of a judgment shall be carried out in accordance with the law of the forum state. Fed. R. Civ. P. 69(a). Under Illinois law, a supplemental proceeding to examine a third party to discover the assets of a judgment debtor commences on the date that the third party is served with an appropriate citation. 735 ILCS 5/2-1402(a); Ill. Sup. Ct. R. 277(b). The citation must contain a caption of the case in which the judgment was entered, state the date on which the judgment was entered, state the amount for which the judgment was entered, and indicate the time and place at which the third party must appear for the examination. Ill. Sup. Ct. R. 277(c)(1)–(3). The examination of the third party need not take place before the court. *Pollack*

& *Weis v. Gussin*, No. 90 C 7531, 1994 WL 529355, at *1 (N.D. Ill. Sept. 27, 1994); *Flip Side Prods., Inc. v. Jam Prods., Ltd.*, No. 82 C 3684, 1990 WL 186777, at *1-3 (N.D. Ill. Nov. 8, 1990); Ill. Sup. Ct. R. 277(e). Rather, the examination may, at the judgment creditor's election, be conducted by deposition as provided by the rules of the Illinois Supreme Court for discovery depositions. Ill. Sup. Ct. R. 277(e).

A supplemental proceeding pursuant to Illinois Supreme Court Rule 277 "continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically six months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." Ill. Sup. Ct. R. 277(f). The court may grant extensions of time beyond the six months as justice requires. *Id.*

Here, the matter in dispute concerns whether Vance's Motion to Turn Over Funds is time barred due to the six-month limit contained in Illinois Supreme Court Rule 277(f). Vance argues that her motion is not time barred because Bank of America did not personally appear in federal court until January 9, 2002 (two days prior to filing its response to Vance's Motion to Turn Over Funds), or, in the alternative, because Judge Bucklo implicitly granted Vance an extension of time beyond the six months by allowing Vance to obtain discovery from Bank of America. If neither of these two arguments stick, then Vance asserts that this Court should grant Vance an extension of time beyond the six months because "justice so requires."

Vance's first argument must fail based on the language of Illinois Supreme Court Rule 277. The rule provides that the six-month clock begins to run upon the date of "the respondent's first personal appearance pursuant to the citation." Ill. Sup. Ct. R. 277(f). But, as the rule also

- 4 -

provides, the momentous personal appearance may take place in court or at some other location, at the judgment creditor's election, as indicated by the judgment creditor on the citation. Ill. Sup. Ct. R. 277(c), (e). If the election is made by the judgment creditor to conduct proceedings out of court, then the rules governing discovery depositions apply. Ill. Sup. Ct. R. 277(e). In this case, Vance elected to require Bank of America to "appear and file [its] answer to [the citation] . . . at The Law Offices of Brunswick, Keefe & Jacobson, LLC." (Pl.'s Mot. Turn Over Funds Ex. D at 1.) Bank of America received no instruction from Vance to appear or file anything in court.[3] As evinced by the citation and confirmed by correspondence between the parties, Vance intended for the rules governing discovery depositions to apply to the citation.[4] (*See* Bank of Am.'s Verified Resp. Exs. A-B; Bank of Am.'s Reply Br. Ex. B.) Vance presented Bank of America with a series of particular questions and sought specific answers, to be certified under penalty of perjury, by a specific date. Bank of America complied with Vance's instructions in a timely manner, considering that Bank of America provided Vance with verified information about Dispatch Management Service's accounts and Vance permitted Bank of America to file its answer on June 25, 2001, instead of June 4, 2001. Vance could freely stipulate to an extension of time. Under these circumstances, we hold that the "personal appearance" contemplated by Illinois Supreme Court Rule 277(f) occurred on June 25, 2001, the date on which Bank of America sent its answer to Vance. *See Pollack & Weis*, 1994 WL 529355, at *1; *Flip Side*

---

[3] We recognize that Vance's citation included the following general warning: "failure to appear in court as herein directed may cause [Bank of America] to be arrested and brought before the court to answer to a charge of contempt." (Pl.'s Mot. Turn Over Funds Ex. D at 1.) But the citation never directed Bank of America to appear in court in the first place.

[4] *See* Ill. Sup. Ct. R. 201, 210, 212.

*Prods., Inc.*, 1990 WL 186777, at *1-3. It would be absurd to require a flesh-and-blood appearance by an individual on behalf of Bank of America at some place to trigger the six-month clock under the facts of this case, where no such instruction was included on the citation, and therefore no one from Bank of America had any reason to appear in the flesh-and-blood "pursuant to the citation." Bank of America ought to receive the benefit of the six-month clock from the moment it first responded to Vance's citation in accordance with Vance's instructions, and thus we so hold.

This holding effectuates the purposes of the rule. The six-month limit contained in Illinois Supreme Court Rule 277(f) aims "to force judgment creditors to move promptly to collect their judgments, so that property does not remain encumbered by liens indefinitely, making it hard to sell." *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987). It also prevents the rights of third parties from being unduly impaired. *Celano v. Frederick*, 203 N.E.2d 774, 780 (Ill. App. Ct. 1964). Here, Vance has encumbered the assets held by Bank of America from May 4, 2001, to the present, impairing Bank of America's ability to transfer the assets for almost a year. Bank of America fully cooperated with Vance by providing information on June 25, 2001, in the exact manner that Vance specifically requested. Yet Vance sat on the information until December 27, 2001. According to Illinois Supreme Court Rule 277(f), this was simply too long. Competing interests dictate that if Vance wished to challenge Bank of America's information or legal position, then she should have done so at an earlier time.

Vance's second argument that Judge Bucklo implicitly granted an extension of time by allowing Vance to take discovery is unconvincing. The deduction does not necessarily follow from Judge Bucklo's actions and words. Judge Bucklo expressly referred the parties' disputes

over Vance's Motion to Turn Over Funds to this Court for resolution. (Order 1/14/02, at 1.) She did not limit the referral in any way. Furthermore, the language of Judge Bucklo's two-sentence January 14 order provides no indication that she was even aware that the six-month limit contained in Illinois Supreme Court Rule 277(f) was at issue in this case. In general terms, Judge Bucklo referred the motion and allowed Vance to take discovery related to the motion. (*Id.*) Nothing else was said. If Judge Bucklo had intended to extend this supplemental proceeding beyond the six months (and thus dismiss Bank of America's principal argument in response to Vance's Motion to Turn Over Funds), we are confident that she would have said so.

Lastly, we dismiss Vance's argument that justice requires this Court to grant an extension of time beyond the six months. In support of this argument Vance cites only to *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.*, 426 N.E.2d 1110, 1114 (Ill. App. Ct. 1981), for the proposition that a supplemental proceeding "does not, in every case, terminate after the six months time limit has elapsed" because the "court is authorized to grant an extension beyond that period 'as justice may require.'" But, as Bank of America points out, in *Kirchheimer* the trial court granted the judgment creditor an extension of time prior to the expiration of the six months. *Id.* at 1112. This differs from the situation presented here—Vance seeks an extension of time after the expiration of the six months.

Bank of America claims that the six-month limit contained in Illinois Supreme Court Rule 277(f) is jurisdictional, thereby precluding trial courts from extending the supplemental proceeding in any case where the judgment creditor requests an extension of time after expiration of the six months. However, there is nothing to indicate that the Illinois Supreme Court intended to make the six-month limit jurisdictional in the sense that trial courts would be precluded, in any

case, from entering orders in supplemental proceedings after the expiration of the six months. *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1227-28 (7th Cir. 1993) ("[A] debtor who by his own actions delays the citation proceeding should be estopped to plead the deadline."); *Levine v. Pascal*, 236 N.E.2d 425, 431 (Ill. App. Ct. 1968) ("While rules of court are to be obeyed, 'unswerving obedience' is not demanded where no material harm is done to any litigant."); *Celano*, 203 N.E.2d at 780 ("As a rule of procedure [Illinois Supreme Court Rule 277(f)] could not properly be interpreted as affecting the substance of a final order or decree subject to appeal as in other civil cases."). The purposes of the six-month limit are to prevent property from being indefinitely encumbered and to protect judgment debtors and third parties. *King*, 825 F.2d at 1188; *Celano*, 203 N.E.2d at 780. As long as no material harm or injustice is done, and the purposes of Illinois Supreme Court Rule 277(f) are not unduly thwarted, we believe that trial courts may extend the time of supplemental proceedings beyond the six months as justice may require regardless of whether the six months provided for by Illinois Supreme Court Rule 277(f) have expired. *See Resolution Trust Corp.*, 994 F.2d at 1228; *King*, 825 F.2d at 1188 ("[A]n order cannot be given retroactive effect when the effect is to destroy a subsequent lien."); *Levine*, 236 N.E.2d at 431; *Celano*, 203 N.E.2d at 780.

That said, a judgment creditor who seeks an extension of time pursuant to Illinois Supreme Court Rule 277(f), but after the expiration of the six months, bears the burden of providing a good reason for not seeking an extension of time within the appropriate time because justice so requires. A good reason for not seeking an extension of time within the appropriate time is necessary to overcome the interest in freeing assets from encumbrances and the interests of judgment debtors and third parties, all of which weigh more heavily with the passage of time.

As a practical matter, a good reason for not seeking an extension of time within the appropriate time is necessary to ensure that judgment creditors will take the six-month limit seriously.

Here, Vance fails to provide this Court with a reason for not seeking an extension of time within the appropriate time. This omission alone is sufficient to find that the supplemental proceeding against Bank of America should not be extended beyond the six months. Even if we assume that Vance is asking this Court to extend the proceeding against Bank of America within the appropriate time, we still deny Vance's request. Vance claims that this supplemental proceeding against Bank of America should be extended because Bank of America, exercising its rights as a secured party, sold an asset of Dispatch Management Service to the individual whose actions gave rise to Vance's lawsuit, and because Bank of America might be indebted to Dispatch Management Service upon the conclusion of the sale of all assets. (Pl.'s Reply Br. at 2-4.) The particular buyer to whom Bank of America lawfully sold an asset is wholly irrelevant for purposes of determining whether justice requires the supplemental proceeding against Bank of America to be extended. While a low likelihood of collecting on the judgment may be sufficient to issue a citation to discover assets, it provides an insufficient basis, standing alone, to extend a supplemental proceeding beyond the six months because justice so requires.[5] The important question remains: Why six months was an inadequate amount of time for Vance to complete the

---

[5] Based on the evidence presented, the likelihood that Vance could have collected on the judgment pursuant to the citation served on Bank of America appears very low. According to Bank of America, Dispatch Management Service owes Bank of America in excess of $75 million. Bank of America estimates that the unpaid balance remaining after it exercises its rights as a secured party will exceed $70 million. (Bank of Am.'s Verified Resp. at 4.) In her brief, Vance has failed to challenge this information with contradicting evidence, despite having over six months to gather such evidence and constant cooperation from Bank of America.

supplemental proceeding against Bank of America? Vance's avoidance of this question necessitates the denial of her motion.

In sum, we find that Vance's supplemental proceeding against Bank of America terminated on December 26, 2001, due to Bank of America's having sent its Answer to Citation to Discover Assets to The Law Offices of Brunswick, Keefe & Jacobson, LLC on June 25, 2001. We also find that Judge Bucklo did not implicitly extend this supplemental proceeding past December 26, 2001, by allowing Vance to take discovery. And thirdly, we find that justice does not require the extension of the supplemental proceeding against Bank of America beyond the six months. Accordingly, Vance's Motion to Turn Over Funds should be denied.

### III.

For the reasons stated, this Court recommends that Vance's Motion to Turn Over Funds be denied.

**Dated:** April 25, 2002.

MARTIN C. ASHMAN
United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Elaine E. Bucklo within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

JEFFREY M. JACOBSON, Esq.
Brunswick, Keefe & Jacobson, L.L.C.
2428 Vermont Street
Blue Island, IL 60406

Attorney for Plaintiff

MR. DOUG ROTH
Dispatch Management Service
1981 Marcus Avenue
Suite C131
Lake Success, NY 11042

*Pro Se* Plaintiff

CRAIG A. VARGA, Esq.
JONATHAN N. LEDSKY, Esq.
PAUL N. BARGER, Esq.
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue
Suite 350
Chicago, IL 60604

DOUGLAS R. GHIDINA, Esq.
Moore & Van Allen, P.L.L.C.
100 North Tryon Street
Suite 4700
Charlotte, NC 28202

Attorneys for Bank of America, N.A.